Deaderick, J.,
delivered the opinion of the Court.
This is an issue of devisavit vel non, tried in the Circuit Court of DeKalb County; verdict and judgment were in favor of the will, and the defendant below appealed in error to this Court.
Upon the trial below, the execution of the will was proved by one of the attesting witnesses, who proved, also, the attestation of Durham, the other witness, who was proved to be dead.
The defendant below then introduced several witnesses, by whom he proposed to prove declarations of the *432 deceased attesting witness, made after his attestation of the will, to the effect that the testator, at the time of the execution of the will, was of unsound mind. This evidence was objected to by the plaintiff, and was excluded by the Court.
In this there was no error. Durham, the deceased witness, by putting his name to the will of''Matthew Sellars, the testator, in legal effect asserted the mental capacity of the testator arid the due execution of the will, and the swearing against his - own act and declarations, if he had been alive and introduced as a witness, would have been an imputation upon his credibility: 1 Cold., 28.
This, however, he might have done. But his simple declarations or statements, in regard to the capacity of testatoi’, made without the sanction of an oath, and in disparagement of the evidence furnished by his attestation of the will, are wholly inadmissible: 1 Greenl. Ev., § 126.
The defendant also offered to prove by Barnes, that testator’s wife had said, in a controversy with him about selling some bacon to the witness, that he, testator, was an “old fool;” and upon another occasion, when Smith had gone to see testator to buy a yoke of oxen, that the old lady said that the old man was deranged. This evidence was offered as an admission of a party having an interest in, though not a party to the suit, and being objected to, was excluded.
It is certainly true, that the declarations and admissions of a party to a suit, or of one having an interest in its result, in regard to the subject matter of the *433 suit, are admissible against him; yet tbe circumstances under which these statements were made, show that they were the petulant reproaches of an irritable and impatient old woman, rather than an expression of an opinion as to the condition of the testator’s mind. We are satisfied these statements ought not to have had, and if admitted, would not have had,- any influence upon the verdict of the jury.
Defendant, after the verdict was rendered against him, in support of his application for a new trial, read his own affidavit and those of several other persons, showing that he had discovered, since the trial, that he could make additional proof to establish testator’s incapacity to make a will.
There is much proof of this character already in the record; and this Court has repeatedly held that it will not grant a new trial upon the ground of newly-discovered evidence, where it is merely cumulative.
There is no error in' the charge. The verdict is sustained by sufficient evidence, and we affirm the judgment of the court below. '